JOHN E. FITZSIMMONS (SBN 182467)
john.fitzsimmons@btlaw.com
CAROLINE C. DICKEY (SBN 301721)
caroline.dickey@btlaw.com
**BARNES & THORNBURG LLP**
2029 Century Park East, Suite 300
Los Angeles, California 90067
Telephone: (310) 284-3880
Facsimile:  (310) 284-3894

Attorneys for Defendant
GIGPRO INC.

# UNITED STATES DISTRICT COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JACQUELINE GALLARDO, an individual,<br><br>Plaintiff,<br><br>v.<br><br>GIGPRO INC., a Delaware corporation; QWICK, INC., a Delaware corporation; and DOES 1 through 100 inclusive<br><br>Defendants. | Case No. TBD **'25CV3455 AJB BJW**<br><br>**DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL UNDER 28 U.S.C. §§ 1332, 1441, AND 1446**<br><br>**[DIVERSITY JURISDICTION]**<br><br>*[Filed concurrently with Declaration of Caroline C. Dickey, Corporate Disclosure Statement, Notice of Party with Financial Interest, and Civil Cover Sheet]*<br><br>Complaint Filed:   November 3, 2025<br>Trial Date:         Not Set |

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

## TABLE OF CONTENTS

**Page(s)**

I. THE STATE COURT ACTION.................................................................................1

II. REMOVAL IS TIMELY .......................................................................................2

III. COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES.................2

    A. Plaintiff Is a Citizen of California. ......................................................2

    B. Gigpro Is a Citizen of Delaware and South Carolina, and Qwick is a Citizen of Delaware and Arizona. ........................................................2

IV. THE JURISDICTIONAL MINIMUM IS SATISFIED..................................3

    A. Stated Damages of $50,000....................................................................4

    B. Attorneys' Fees ......................................................................................4

    C. Punitive Damages...................................................................................5

    D. Total Claimed Damages ........................................................................5

V. THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED.............................................................................................................6

VI. CONCLUSION......................................................................................................6

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

# TABLE OF AUTHORITIES

**Page(s)**

## Federal Cases

*Boyle v. Lorimar Productions, Inc.*,
    13 F.3d 1357 (9th Cir. 1994) ...............................................................................................5

*Casey v. ACE Cash Express, Inc.*,
    2014 WL2468344 (C.D. Cal. May 30, 2014) ........................................................................4

*Davenport v. Mutual Ben. Health & Acc. Ass'n*,
    325 F.2d 785 (9th Cir. 1963) ...............................................................................................5

*Galt G/S v. JSS Scandinavia*,
    142 F.3d 1150 (9th Cir. 1998) .............................................................................................4

*Gaus v. Miles, Inc.*,
    980 F.2d 564 (9th Cir. 1992) ...............................................................................................3

*Gibson v. Chrysler Corp.*,
    261 F.3d 927 (9th Cir. 2001) ...............................................................................................5

*Hertz Corp. v. Friend*,
    130 S.Ct. 1181 (2010)...........................................................................................................3

*Hunt v. Washington State Apple Advertising Comm'n*,
    432 U.S. 333 (1977)...............................................................................................................4

*Kantor v. Warner-Lambert Co.*,
    265 F.3d 853 (9th Cir. 2001) ...............................................................................................2

*Kantor v. Wellesley Galleries, Ltd.*,
    704 F.2d 1088 (9th Cir. 1983) .............................................................................................2

*Lucett v. Delta Airlines, Inc.*,
    171 F.3d 295 (5th Cir. 1999) ...............................................................................................5

*Sanchez v. Monumental Life Ins. Co.*,
    95 F.3d 856 (9th Cir. 1996) ...........................................................................................3, 5

*Simmons v. PCR Tech.*,
    209 F.Supp.2d 1029 (N.D. Cal. 2002) ................................................................................4

*Soliman v. Phillip Morris, Inc.*,
    311 F.3d 966 (9th Cir. 2002) ...............................................................................................3

## Other State Cases

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

*Carter v. CB Richard Ellis*,
    2001 WL 34109371 (Orange County Superior Court) ...............................................5

**Federal Statutes**

28 U.S.C.
    § 1332.....................................................................................................................7
    §§ 1332, 1441, and 1446.....................................................................................1, 6
    § 1332(a) ................................................................................................................3
    § 1332(c) ................................................................................................................3
    § 1332(c)(1) ...........................................................................................................2
    § 1441(a) ................................................................................................................6
    § 1441(b)(1) ...........................................................................................................3
    § 1446(a) ................................................................................................................6
    § 1446(b) .............................................................................................................2, 6
    § 1446(d) ................................................................................................................6

Code Civ. Pro.
    § 415.10..................................................................................................................2

**Other State Statutes**

Civil Code
    § 3294.....................................................................................................................5

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

**TO THE UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF CALIFORNIA, AND TO PLAINTIFF AND PLAINTIFF'S COUNSEL OF RECORD:**

**PLEASE TAKE NOTICE THAT** Defendant Gigpro Inc. ("Defendant" or "Gigpro") petitions the Court to remove this action from the Superior Court of the State of California for the County of San Diego to the United States District Court for the Southern District of California pursuant to 28 U.S.C. sections 1332, 1441, and 1446. Qwick, Inc. ("Qwick") consents to the removal of this action.

Gigpro makes this petition on the grounds that complete diversity of citizenship exists between Plaintiff Jacqueline Gallardo ("Plaintiff"), a citizen of California, and Defendants Gigpro Inc., a citizen of Delaware and South Carolina, and Qwick, Inc., a citizen of Delaware and Arizona. Further, the amount in controversy exceeds $75,000, and the foregoing facts were also true when Plaintiff filed the Complaint.[1]

I.      **THE STATE COURT ACTION**

1.      On November 3, 2025, Plaintiff filed an action against Defendant entitled "*Jacqueline Gallardo, an individual, Plaintiff, vs. Gigpro Inc., a Delaware corporation; Qwick, Inc., a Delaware corporation; and Does 1 through 100 inclusive Defendants*" in San Diego County Superior Court, Case Number 25CU059388C. A true and correct copy of the Complaint is attached as **Exhibit A**.

2.      Plaintiff served Gigpro by personal service on November 5, 2025. A true and correct copy of the Summons showing that Gigpro was served is attached as **Exhibit B**. Qwick was also served by personal service on November 5, 2025. A true and correct copy of the Summons showing that Qwick was served is attached as **Exhibit C**.

3.      On December 5, 2025, Gigpro filed its Answer to the Complaint in San

---

[1] Unless expressly stated otherwise, all facts alleged in this Petition and Notice of Removal are true now and were true when Plaintiff filed the Complaint.

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

Diego County Superior Court and served the Answer on Plaintiff. A true and correct copy of the Answer is attached as **Exhibit D**.

## II. <u>REMOVAL IS TIMELY</u>

4. Service of a summons and complaint by personal service is complete at the time it is served. Code Civ. Pro. § 415.10. A defendant in a civil action has thirty days from the date that service of the summons and complaint is complete to remove the action to federal court. 28 U.S.C. § 1446(b).

5. As set forth above, Plaintiff served the Summons and Complaint on Defendants by personal service on November 5, 2025. Since Gigpro filed this removal within thirty days of November 5, 2025, removal is timely.

## III. <u>COMPLETE DIVERSITY EXISTS BETWEEN THE PARTIES</u>

### A. <u>Plaintiff Is a Citizen of California.</u>

6. For diversity purposes, a natural person is a citizen of the state in which he or she is domiciled. *Kantor v. Wellesley Galleries, Ltd.*, 704 F.2d 1088, 1090 (9th Cir. 1983). A person's domicile is the place he or she resides with the intention to remain or to which he or she intends to return. *Kantor v. Warner-Lambert Co.*, 265 F.3d 853, 857 (9th Cir. 2001).

7. Plaintiff is, and at all times relevant to this action was, a citizen of California with her principal place of residence in California. *See* Compl., ¶ 8 ("Plaintiff Jacqueline Gallardo is an individual that resides in California."). Therefore, Plaintiff is a citizen of California.

### B. <u>Gigpro Is a Citizen of Delaware and South Carolina, and Qwick is a Citizen of Delaware and Arizona.</u>

8. For removal purposes, if a party is a corporation, it is a citizen of both its state of incorporation and the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). A corporation's "'principal place of business' [as contained in section 1332(c)] is best read as referring to the place where a corporation's officers

2
DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

direct, control, and coordinate the corporation's activities." *Hertz Corp. v. Friend*, 130 S.Ct. 1181, 1184 (2010). This is typically the place where the corporation "maintains its headquarters — provided that the headquarters is the actual center of direction, control, and coordination." *Id.*

9. Gigpro is a Delaware corporation with its principal place of business in Charleston, South Carolina. Therefore, Gigpro is a citizen of both Delaware and South Carolina.

10. Qwick is a Delaware corporation with its principal place of business in Scottsdale, Arizona. Therefore, Qwick is a citizen of both Delaware and Arizona.

11. Because Plaintiff is a citizen of California, and Defendants are citizens of Delaware, South Carolina, and Arizona, complete diversity among the parties exists.[2]

## IV.    THE JURISDICTIONAL MINIMUM IS SATISFIED

12. This Court's jurisdictional minimum of an amount in controversy over $75,000 is satisfied.[3]

13. As an initial matter, Gigpro is only required to demonstrate that it is "more likely than not" that the amount in controversy exceeds the jurisdictional limit. *Sanchez v. Monumental Life Ins. Co.*, 95 F.3d 856, 863 (9th Cir. 1996). The Court may, for removal purposes, look to the Complaint and removal papers for underlying facts establishing the jurisdictional limit. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992).

14. In determining whether the jurisdictional minimum is met, the Court

---

[2] The citizenship of "doe" defendants is disregarded for removal purposes. 28 U.S.C. § 1441(b)(1) ("In determining whether a civil action is removable on the basis of the jurisdiction under section 1332(a) of this title, the citizenship of defendants sued under fictitious names shall be disregarded."); *Soliman v. Phillip Morris, Inc.*, 311 F.3d 966 (9th Cir. 2002) (citizenship of fictitious defendants is irrelevant for removal purposes).

[3] Gigpro discusses the allegations in Plaintiff's Complaint solely to demonstrate that the amount in controversy exceeds $75,000. In doing so, Gigpro does not admit that Plaintiff is entitled to these damages or that Plaintiff will be able to recover on any of her causes of action.

3

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

considers all recoverable damages, including compensatory damages, emotional distress damages, punitive damages, statutory penalties, and attorneys' fees. *Hunt v. Washington State Apple Advertising Comm'n*, 432 U.S. 333, 347-48 (1977); *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998).

### A.    Stated Damages of $50,000.

15.    Plaintiff seeks "penalties and damages in an amount to be proven at trial, but in no event less than $50,000." (Compl., Prayer, ¶ 2.)

### B.    Attorneys' Fees

16.    Plaintiff seeks to recover attorneys' fees. (Compl., ¶¶ 36, 49, Prayer, ¶ 3.)

17.    When authorized by statute or contract, claims for attorneys' fees are properly considered in determining the amount in controversy. *Gault G/S/, supra*, 142 F.3d at 1155-56 (attorneys' fees may be included in the amount in controversy if recoverable by statute or contract).

18.    Moreover, the measure of such fees for determining the amount in controversy "should be the amount that can reasonably be anticipated at the time of removal, not merely those [fees] already incurred." *Simmons v. PCR Tech.*, 209 F.Supp.2d 1029, 1035 (N.D. Cal. 2002).

19.    As other courts have noted, employment actions often "require substantial effort from counsel." *Id.* A typical hourly rate for employment cases in district courts of California, such as the Central District, is approximately $300 per hour. *See Casey v. ACE Cash Express, Inc.*, 2014 WL2468344, at *5 (C.D. Cal. May 30, 2014). At a relatively low billing rate of only $300 per hour, an attorney would only have to spend 250 hours to reach $75,000 in attorneys' fees. An attorney in a single-plaintiff employment action is generally more likely than not to expend over 250 hours between discovery, motion practice (including summary judgment and other pretrial motions), trial preparation, trial, and other case-related activity. *See* Dickey Decl., ¶ 4. Accordingly, to litigate this case through trial at the typical hourly rate for employment

4

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

wage and hour cases in this district, it is reasonable to anticipate that Plaintiff's attorneys' fees will be at least $75,000 (250 hours x $300 per hour).

### C.    Punitive Damages

20.    Plaintiff seeks an award of punitive damages. (Compl., ¶ 48.)

21.    Punitive damages are also included when determining the amount in controversy. *Davenport v. Mutual Ben. Health & Acc. Ass'n*, 325 F.2d 785 (9th Cir. 1963); *Gibson v. Chrysler Corp.*, 261 F.3d 927, 945 (9th Cir. 2001) ("It is well established that punitive damages are part of the amount in controversy in a civil action.").

22.    California law does not provide any specific monetary limit on the amount of punitive damages which may be awarded under Civil Code section 3294, and the proper amount of punitive damages under California law is based on the reprehensibility of the defendant's misdeeds. *Boyle v. Lorimar Productions, Inc.*, 13 F.3d 1357 (9th Cir. 1994). An examination of jury awards shows that punitive damages awards alone in employment cases often exceed the $75,000 amount in controversy requirement. *See, e.g., Carter v. CB Richard Ellis*, 2001 WL 34109371 (Orange County Superior Court) ($600,000 award of punitive damages in discrimination case).

23.    Therefore, Plaintiff's claim for punitive damages alone puts the amount in controversy above the jurisdictional minimum of this Court.

### D.    Total Claimed Damages

24.    While the Complaint does not allege a total damage amount, removal is proper as it is more likely than not, based on the allegations in the Complaint and the Petition and Notice of Removal, that the value of Plaintiff's claims exceeds $75,000. *See Sanchez, supra,* 102 F.3d at 404; *see also Lucett v. Delta Airlines, Inc.*, 171 F.3d 295, 298 (5th Cir. 1999).

25.    In sum, the total amount in controversy is at least $200,000, well above the $75,000 jurisdictional minimum, as demonstrated below.

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

| Type of Damages | Amount in Controversy |
|---|---|
| Stated Damages | $50,000+ |
| Attorneys' Fees | $75,000+ |
| Punitive Damages | $75,000+ |
| **Total** | **$200,000+** |

## V.    THE REQUIREMENTS OF 28 U.S.C. SECTION 1446 HAVE BEEN SATISFIED

26.    In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is filed in the District Court of the United States in which the action is pending.

27.    This Court is the proper venue because it is in the "district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a).

28.    In accordance with 28 U.S.C. section 1446(a), this Notice of Removal is accompanied by **Exhibits A-C**, which is a copy of all process, pleadings, and orders served on Gigpro. Moreover, this Notice of Removal is accompanied by **Exhibit D**, which is a copy of Gigpro's Answer to Plaintiff's Complaint, which encompasses all process, pleadings, and orders that Gigpro has served on Plaintiff.

29.    In accordance with 28 U.S.C. section 1446(b), Gigpro's Notice of Removal was filed within thirty days after completion of the initial service on Gigpro, which was on November 5, 2025.

30.    In accordance with 28 U.S.C. section 1446(d), Gigpro will give written notice of the original removal of this action to Plaintiff via its counsel and will file a copy of that Notice with the San Diego County Superior Court.

## VI.    CONCLUSION

31.    Because jurisdiction is proper under 28 U.S.C. section 1332 (diversity), Gigpro respectfully requests that this Court exercise its removal jurisdiction over this action.

32.    If this Court has any questions regarding the propriety of this Notice of

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL

Removal, Gigpro respectfully requests that it issue an Order to Show Cause, so that Gigpro may have an opportunity to address such questions.

Dated: December 5, 2025

**BARNES & THORNBURG LLP**

By: */s/ Caroline C. Dickey*

John E. Fitzsimmons
Caroline C. Dickey
Attorneys for Defendant
GIGPRO INC.

DEFENDANT GIGPRO INC.'S PETITION AND NOTICE OF REMOVAL